## UNITED STATES v. HENSEL et al.

### (Circuit Court, S. D. New York. February 11, 1896.)

### No. 2,124.

1. CUSTOMS DUTIES — CLASSIFICATION — PHILOSOPHICAL AND SCIENTIFIC APPARATUS.

   Microscopes and a movable object table *held* to be "philosophical and scientific apparatus," within the meaning of paragraph 677 of the act of 1890. Contra, however, as to a microscope case imported without a microscope.

2. SAME—PHILOSOPHICAL SOCIETIES OR INSTITUTIONS.

   The College of Physicians and Surgeons, which is known as the "Medical School of Columbia College," is an "institution" for whose use

philosophical and scientific apparatus may be entered free of duty, under paragraph 677 of the act of 1890.

3. SAME.

A microscope imported by a physician or surgeon who swears that it is for use in his laboratory, of which he is the instructor (being evidently a laboratory for clinical purposes), is to be regarded as imported for the use of an "institution," within the meaning of paragraph 677 of the act of 1890. But a microscope imported by one who swears that he is to be instructor of a class of histology at Greenville, in the state of South Carolina, is not to be so regarded, in the absence of evidence to show that such a class is in existence.

Appeal on behalf of the United States from a decision of the board of general appraisers which reversed the action of the collector in assessing duty upon certain articles imported by Hensel, Bruckmann & Lorbacher.

Henry D. Sedgwick, Jr., Asst. U. S. Atty.

Albert Comstock, for importers.

COXE, District Judge (orally). Four separate articles are involved in this controversy. The first two are microscopes, the second is a movable object table, and the third is a microscope case. The collector assessed them for duty according to the materials of which they were composed. The importers insist that they are entitled to free entry under paragraph 677 of the tariff act of 1890, which provides for "philosophical and scientific apparatus * * * specially imported in good faith for the use of any society or institution incorporated or established for relig' is, philosophical, educational, scientific, or literary purposes, an not intended for sale." Two questions arise on this appeal. The first is whether or not these articles are philosophical or scientific apparatus; the second is whether or not they were imported for the use of a society or institution incorporated or established for philosophical, educational, scientific or literary purposes. With regard to the first question I am inclined to think that each of the articles imported is scientific in character, with the exception of the microscope case. It appears from the return that the case was imported without a microscope; and I am unable to say that a microscope case, a simple box, designed to hold a microscope, is a scientific instrument. The situation would be quite different if the case contained a microscope.

The second question, whether or not the affidavits bring the importers within the language of paragraph 677, remains to be considered. As to the movable table, I do not understand that there is any serious contention. That was intended for the use of the College of Physicians and Surgeons, which is well known as the "Medical School of Columbia College,"—clearly an institution within the language of the statute.

With regard to the microscope imported for Dr. Kyle, I am also inclined to think that the affidavit is sufficient under the provisions of the statute. His laboratory is evidently one for clinical purposes, he is the instructor and it would seem to follow as a necessary inference that an institution having an instructor must also have some one to be instructed. As to the other miscroscope the affidavit is insuffi-

cient. I do not see how it can be said that a person who swears that he is to be an instructor of a class of histology at Greenville, in the state of South Carolina, brings himself within the law. Neither the affiant nor class can be regarded as a society or an institution. There is nothing to show that the class is in existence, the whole matter is in embryo. The class may never be organized, and the doctor may thus get the microscope for his own personal use without the payment of duty. It seems to me that the affidavit is entirely insufficient under this paragraph. Therefore, there should be a reversal of the decision of the board with reference to the microscope imported for Dr. Freeborn and also the microscope case imported for Dr. Byron; as to the other two articles the decision of the board is affirmed.